**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 17-21509-CMB |
| JTRL, LLC, | ) **Chapter** 11 |
| **Debtor.** | ) **Document No.** |

_____

**AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

_____

**Donald R. Calaiaro, Esquire**
**PA ID # 27538**
**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**

**DATED:** July 31, 2019

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 17-21509-CMB |
| JTRL, LLC, | ) **Chapter** 11 |
| **Debtor.** | ) **Document No.** |

### AMENDED CHAPTER 11 PLAN OF REORGANIZATION

**JTRL, LLC**, Debtors-in-Possession, propose the following Plan of Reorganization ("Plan") pursuant to §1121(b) and (c) of the Bankruptcy Code ("Code"), 11 U.S.C. §1121(b) and (d).

### ARTICLE 1 - DEFINITIONS

For purposes of this Plan, except as otherwise expressly provided herein or unless the context otherwise requires, the following capitalized terms shall have the meaning set forth below:

**1.1**   ***Adequate Protection Payments*** shall mean the payments voluntarily made between the filing date and confirmation date by **JTRL, LLC** in respect to secured claims.

**1.2**   ***Administrative Claims*** shall mean the costs and expenses of administration of this Chapter 11 case allowed under § 503 (b) and entitled to priority under § 507 (a) (1) of the Code.

**1.3**   ***Allowed Claim*** shall mean a claim against the Debtors to the extent.

**a.**   A proof of such claim was:

**(1)**   Timely filed; or

**(2)**   Deemed filed pursuant to §1111 (a) of the Bankruptcy Code; or

**(3)**   Filed late with leave of the Bankruptcy Court after notice and opportunity for hearing given to the Debtor's counsel; and

**b.**   **(1)**   Which is not a Disputed Claim; or

**(2)**   Which is allowed (and only to the extent allowed) by a Final Order, after objection, if any, and hearing; and

**c.**   **(1)**   if disputed, the creditor filed a proof of claim before the claims bar date.

**d.**   **(1)**   With respect to any professionals seeking compensation in connection with this case, when said compensation has been allowed by Order of the Bankruptcy Court after notice and hearing as provided in the Bankruptcy Code.

**1.4**   ***Litigation*** shall mean actions in the United States District Court or Bankruptcy Court for the Western District of Pennsylvania with any caption including the Debtors.

**1.5**   ***Bankruptcy Court*** shall mean that unit of the United States District Court for the Western District of Pennsylvania known as the United States Bankruptcy Court for the Western District of Pennsylvania located at 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219 or any Court having jurisdiction to hear and determine appeals there from.

**1.6**   ***Business Day*** shall mean between 9:00 a.m. and 5:00 p.m. local Pittsburgh time on every day, except Saturdays, Sundays and national holidays.

**1.7**   ***Claim*** shall have the meaning set forth in §101(4) of the Bankruptcy Code.

**1.8**   ***Class*** shall mean the category of holders of claims or equity interests in such category as provided by 11 U.S.C. §1122 of the Code and as defined in the context of this Plan.

**1.9**   ***Closing Date*** shall mean the closing by the Debtor as to all instruments and documents required to be executed under this Plan. The closing shall occur at 10:00 a.m.

3

Pittsburgh time at the offices of the attorney for the plan proponent, Calaiaro Valencik, 938 Penn Avenue, Suite 501, Pittsburgh Pa 15222-3708, on the 61st business day after the Confirmation Order becomes a Final Order; but the parties may conduct a closing on a sooner date and place by agreement.

1.10    *Collateral* shall mean any property in which the Debtors have an interest and which secures an allowed claim.

1.11    *Confirmation Date* shall mean the date when the Clerk of the Bankruptcy Court shall have entered the Confirmation Order on the docket.

1.12    *Confirmation Order* shall mean the Order entered by the Bankruptcy Court confirming the Plan pursuant to §1129 of the Bankruptcy Code.

1.13    *Creditor* shall mean any person having a claim against the Debtors that arose on or before the filing date or a claim against the Debtor's estate of a kind specified in §502(g) (h) or (I) of the Bankruptcy Code.

1.14    *Disbursing Agent* shall mean the Debtors.

1.15    *Disclosure Statement* shall mean the Amended Disclosure Statement of the Debtor, dated July 31, 2019, filed with and approved by the Court pursuant to §1125 of the Bankruptcy Code.

1.16    *Disputed Claims* shall mean alleged claims against the Debtors listed as disputed, contingent or unliquidated on the Debtors' schedules or amended schedules; or which a timely proof of claim is filed, and to which an objection has been timely filed within sixty (60) days after the confirmation date by a party in interest and which objection is not the subject of a Final Order or has not been withdrawn.

4

**1.17** *Distribution Date and Effective Date of the Plan* shall mean either (a) the 61st business day after the Confirmation Order becomes a Final Order. On this date, the first distribution will occur to undisputed, allowed secured and priority claims. (b) If a claim is not allowed by the prior date, the 30th business day after the date on which a disputed claim is finally adjudicated and no further appeal can be taken will be the distribution date for that creditor.

**1.18** *Interim Financing* shall mean any loan, which is approved by the Bankruptcy Court under 11 U.S.C. §364 and funded prior to the plan effective date.

**1.19** *Filing Date* shall mean April 12, 2017, the date on **JTRL, LLC** filed their petition for reorganization with the Bankruptcy Court.

**1.20** *Final Order* shall mean an Order, judgment or decree of the Bankruptcy Court as to which **(a)** any appeal that has been timely taken, has been finally determined or dismissed; **(b)** the time for appeal has expired and no appeal has been timely taken in accordance with Rule 8002 of the Rules of Bankruptcy Procedure and any applicable local procedural rule; or **(c)** an appeal has been timely taken, but such Order has not been stayed by appropriate cash bond or equivalent under Rule 8005 of the Rules of Bankruptcy Procedure.

**1.21** *Fiscal Quarter* shall mean a three-month period ending on the last day of March, June, September, or December as the appropriate case may be.

**1.22** *Plan* shall mean this Amended Plan of Reorganization, dated **July 31, 2019**, as the same may be amended or modified from time to time in accordance with the provisions of this Plan and §1127 of the Code, all addenda, exhibits, schedules, releases

and other attachments hereto, all of which are incorporated herein by reference as though fully set forth herein.

**1.23**   ***Priority Tax Claim*** shall mean any claim entitled to priority pursuant to §507(a) (7) of the Code to the extent it is an allowed claim.

**1.24**   ***Tax Attributes*** shall mean any right or claim for creditors that the Debtor has as of the date of confirmation of the Plan.

**1.25**   ***Schedules*** shall mean the schedules of assets and liabilities filed by **JTRL, LLC** with the Bankruptcy Court as required by §521 of the Code, and any amendments thereto as allowed by the Bankruptcy Court.

**1.26**   ***Secured Claim*** shall mean an allowed claim in respect to which a security interest is held in or against any property of the Debtors' estate, to the extent of the value of such creditor's interest in the estate's interest in such property; and to the extent the claim is perfected against a trustee under 11 U.S.C. § 544.  If the value of such creditor's interest is less than the amount of the allowed claim held by it, then such creditor shall hold an unsecured claim for the deficiency amount; if the creditor's claimed security is not perfected, it will have an unsecured claim; but only to the extent the creditor has filed a claim.

**1.27**   ***Unsecured Claim*** shall mean any claim other than an administrative claim; secured claim or a priority claim, to the extent it is an allowed claim; and to the extent a disputed claim has filed a timely proof of claim.

**1.28**   ***Gender and Number*** when used herein, words importing any gender may be applied to and include all persons; words importing the plural number may be applied

6

To and mean a single person or thing, and words importing the singular number may be applied to and mean more than single person or thing.

**1.29**    ***General Rule of Interpretation*** unless otherwise defined herein, all terms used in this Plan shall have the meanings set forth in the Bankruptcy Code.

## ARTICLE 2 - CLASSIFICATION OF CLAIMS ANDINTERESTS INTO CLASSES

**2.1**    **Class 1**, **Administrative Claims**                         **(Unimpaired)**

**2.2**    **Class 2, Wesbanco Bank**                              **(Unimpaired)**

**2.3**    **Class 3, Robert J. Longo, Sr. & John R. Longo, Jr.**      **(Unimpaired)**

**2.4**    **Class 4, Secured & Priority Real Estate Taxes**        **(Unimpaired)**

**2.5**    **Class 5, General Unsecured Creditors**              **(Unimpaired)**

**2.6**    **Class 6, Equity Shareholders**                      **(Impaired)**

## ARTICLE 3 - DESIGNATION OF CLASSES

**3.1**    **Class 1** shall consist of fees to the U.S. Trustee; the Clerk of Courts and any professional's fees, which are entitled to priority, under 11 U.S.C. §507 (a)(1).  These shall include the following:

**(a)**    Any attorney who successfully recovers any money on behalf of the estate 11 U.S.C. §503(b) (3) (D);

**(b)**    Any loan broker who successfully obtains a loan;

**(c)**    Attorney for the Debtor, Calaiaro Valencik.; and

This Class shall also include administrative expenses incurred during the Administration, including the following:

**(d)**    Internal Revenue Service, if any;

(e)     Unpaid utility bills,

(f)     Claims for any unpaid ongoing expenses accrued during the course of the
        Debtor's operation, if any;

(g)     All U.S. Trustee's fees and Clerk of Bankruptcy Court charges; and

(h)     All professional fees are subject to the Bankruptcy Court's approval under
        §330(a) (1) of the Bankruptcy Code and Bankruptcy Rule 2106(a); and only
        to the extent professionals preserved the estate.

3.2     **Class 2** shall consist of, **Wesbanco Bank, Inc.**, the holder of the first

mortgage on real property located at 850 Ohio River Blvd., Avalon, PA 15202. The mortgage

in favor of Wesbanco Bank, Inc. was dated December 15, 2005 and recorded on December

20, 2005 at Book 31254, Page 120, in the Recorder's Office of Allegheny County. On its

Petition, the Debtor listed Wesbanco Bank, Inc. as having a secured claim of $90,800.00.

Wesbanco Bank, Inc. did not file a Proof of Claim in this Case. The Debtor has made

consistent payments of $1,998.92 to Wesbanco Bank, Inc. during the Chapter 11

bankruptcy. The current balance on the mortgage is approximately $28,000.00.  **This**

**creditor is being paid in full on or before the Plan Effective Date and it is not impaired.**

3.3     **Class 3** shall consist of the claim of **Robert J. Longo, Sr. & John R. Longo,**

**Jr.** (hereinafter, "The Longos"). The Longos are the holders of the second mortgage on

real property located at 850 Ohio River Blvd., Avalon, PA 15202. The mortgage in favor of

the Longos was dated November 20, 2009 and recorded on November 23, 2009 at Book

37462, Page 4, in the Recorder's Officer of Allegheny County.

In the Chapter 11, the Longos filed Proof of Claim #4 in the amount of $201,270.21.

The Longos filed a Motion for Adequate Protection (Doc. 32), to which the Debtor filed a

response (Doc. 35). The Court entered an Order granting the Adequate Protection payments on July 20, 2017 (Doc. 38) and ordered an increase in the monthly payments on October 18, 2017 (Doc. 47) (collectively, hereinafter "Adequate Protection Orders").

The Debtor has been paying the Longos adequate protection payments in the amount of $1,000.00 beginning in August 2017 through October 2017. Beginning on November 2017, pursuant to the Second Adequate Protection Order, the Debtor has paid the Longos $2,000.00 a month. These payments are to be credited to the principal and the interest of the mortgage. The Debtor calculates that it has paid off approximately $13,082.94 in principal and $17,218.93 in interest[1] on the mortgage to the Longos. As of the time of filing this Plan, the approximate principal on the mortgage is calculated to be $178,000.00. This amount is subject to dispute and verification.

**This creditor is being paid in full on or before the Plan Effective Date and it is not impaired.**

3.4    **Class 4** shall consist of all claims of governmental units for **Secured Real Estate Taxes** assessed against Debtor which were incurred prior to April 12, 2017.  This class is limited to the principal and interest components of these claims, as allowed.  This class does not include penalties assessed against the Debtor prior to the order for relief unless the particular creditor has obtained an order of court allowing penalties because they do not arise out of actual pecuniary loss.  This class includes the following participants:

---

1  The Debtor amortized the $201,270.21 claim over a thirty (30) year period at a fixed interest rate of six percent (6%) per annum. Under this amortization, the monthly payment would have been $1,206.72, with the monthly interest payment being $1,006.35. During the Months of August 2017 through October 2017, the adequate protection payments did not cover the interest in its entirety. The deficit on each of those months

| CREDITOR | TYPE OF CLAIM | CLAIM AMOUNT |
|---|---|---|
| Borough of Avalon POC #2 | Secured | $461.52 |
| County of Allegheny POC #3 | Secured | $1,652.06 |
| Northgate SD | Secured | $28,900.00 |

**These creditors are being paid in full on or before the Plan Effective Date and it is not impaired.**

**3.2    Class 5** shall consist of **General Unsecured Creditors**. This Class is made up of all creditors who have unsecured claims against the Debtor. There are two unsecured claims listed on the Petition totaling $13,800.00. The Debtor believes that the claim held by Michael Fives, in the amount of $4,900.00, has been paid off by a non-debtor entity. The claims shall be paid in full after crediting payment by all other entities.

**These creditors are being paid in full on or before the Plan Effective Date and it is not impaired.**

**3.3    Class 6** shall consist of **Equity Holders** in the Debtor. The only member of this class is Joanne Teti, who holds 100% of the Debtor.

## ARTICLE 4 - IMPAIRMENT

**THE FOLLOWING CLASSES ARE NOT IMPAIRED; THEY DO NOT VOTE:**
**Class 1** – Unimpaired                Not entitled to vote upon the plan.

**THE FOLLOWING CLASSES ARE IMPAIRED; THEY VOTE UPON THE PLAN**

**Class 2 –** Not Impaired          Not entitled to vote upon the plan
**Class 3 –** Not Impaired          Not entitled to vote upon the plan
**Class 4** – Not Impaired          Not entitled to vote upon the plan
**Class 5** – Not Impaired          Not entitled to vote upon the plan
**Class 6** – Impaired                entitled to vote upon the plan

was added back to the principal to show accrual of interest over those periods. Beginning in November 2017, when the payments increase, the payments on interest were covered and payments on the principal began.

## ARTICLE 5 - MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1**    The Plan is to be implemented by the reorganized Debtor through a sale of the real estate owned by the Debtor located at 818, 826, and 850 Ohio River Avenue, Pittsburgh, Pennsylvania, 15202. This property was sold for the price of **$680,000.00** offered by **Toby Development, LLC, after progressive bidding.**  The sale included the land; it did not include the personal property owned by the Debtor, and intangible property, including the right, title, and interest in and to all permits and licenses, specifically the Debtor's liquor license, warranties, contractual rights and other intangible personal property relating to the land and personal property. When the property is sold, all unpaid claims shall be paid at the closing. **The Sale is necessary to fund the plan; the sale is pursuant to the Debtor's chapter 11 Plan of reorganization and it is not subject to realty transfer taxes, 11 USC §1146.**

**5.2**    <u>Litigation Necessary or Possible to Consummate Plan</u>.

(A)    Any Action to enforce the confirmation of this Plan

(B)    Objections to claim(s) and motions to strike claims and actions to determine the amount due to any creditor.

(C)    The Post-Confirmation Debtor shall be entitled to all defenses, rights and counterclaims against any creditor in establishing the allowed claims, arrearages, or any amount due.

(D)    The Reorganized Debtor shall have the right to bring any action to enforce

11

this Plan at any time.  If the Debtor is successful in an action to enforce this plan, the Debtor shall be entitled to actual attorney's fees and costs incurred in the prosecution of any such motion.

**5.3**    Escrow of any Disputed Claim.

(A)    At the time of distribution under the Plan, the Debtor shall pay into an escrow account any payment(s) for disputed creditors until such time as a final order allowing that claim is entered.

(B)    The Debtor may escrow any payment to any creditor if there is a possible claim or setoff that may be asserted against that creditor.

(C)    The escrow account shall bear interest. If the disputed creditor is unsecured, the interest shall be the property of the purchaser.

**5.4**    Miscellaneous.

(A)    All causes of action, all avoiding powers, all chooses in action of any type which were the property of the Debtor at the time of the commencement of this case shall remain the property of the Debtor under this Plan.

(B)     The Debtor shall have the right to bring any action and to recover damages any remedies under 11 U.S.C. §§ 201, 270.21, 524(i) prior to the entry of their discharge, if any creditor fails to apply payments as required by this Plan.

## ARTICLE 6 - PROVISIONS FOR CLAIMS AND EQUITY SECURITY INTERESTS GENERALLY

**6.1**    At the time the Confirmation Order becomes a Final Order, the Debtor and the reorganized Debtor shall have their relationships modified and superseded by the terms of the Plan.  Any amount, which is not to be paid under the Plan, is modified by the

12

Plan.    The Reorganized Debtor shall be deemed to have the benefits of Code Section 1141(c) and the Debtor shall be fully discharged after they have completed payments to class 8.  The reorganized Debtor shall be deemed to have the benefits of Code Section 1141(c) and the Debtor shall be fully discharged and released by the effect of the Confirmed Plan, in accordance with the Bankruptcy Code.

After confirmation but prior to the entry of Discharge, all creditors shall be enjoined from collecting any sum not to be paid under this Plan and they shall be subject to the injunction under Section 6.3 of this Plan. Any violation of that confirmation injunction will expose the creditor to all sanctions and damages available to a debtor under 11 USC § 362 as if the automatic stay were still in effect.

The Reorganized Debtor shall reopen their case to obtain their discharge under 11 U.S.C. § 1129 after the payments to Class 5 has been paid. They shall not be required to pay a filing fee to reopen the case to enforce this plan or to obtain their discharge.

**6.2**    In the event that the claim of any creditor is contingent, unliquidated or subject to dispute on the confirmation date, the Debtor or the Creditor may, in their sole discretion, request the Bankruptcy Court to estimate for the purpose of allowance under Section 502 of the Code, as soon as practicable after the confirmation date, **(a)** any disputed, contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of this Chapter 11 case, and **(b)** any right to payment arising from a right to an equitable remedy for breach of performance.

Any Disputed Creditor, who has not sought the right to vote an estimated amount prior to a hearing on the confirmation hearing, shall not be entitled to vote upon this Plan of Reorganization.

13

      **6.3**    **Post Confirmation Injunction**    All entities that hold a claim against the Debtor are enjoined from taking any actions on account of any such claims, debts of liabilities:

      A.    Commencing or continuing in any manner any action or other proceedings against the Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

      B.    Enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

      C.    Creating, perfecting or enforcing any lien or encumbrance Reorganized Debtor, Debtor's Estate or any property included in that estate, unless there has been a material default under the Confirmed Plan.

      D.    Taking any action which is inconsistent with the Confirmed Plan; including attempting to collect any portion of their debt which is to be discharged under this Plan.

      **6.4**  All Pre-Confirmation defaults by the debtors shall be discharged and waived by the Order of Confirmation.   Any right to declare a default by the insolvency of the debtor or the right to declare a default because the debtor filed for protection under the Bankruptcy Code shall be unenforceable against the Debtor or the Reorganized Debtor.

**ARTICLE 7 - TREATMENT UNDER THE PLAN
AND PROVISION FOR PAYMENT**

    **Class 1 - Administrative Claims.** The Class 1 claims, to the extent it is an allowed priority claim, shall be paid their principal claim in full without interest on or before the plan

effective date by a cash payment to the holder of such a claim except as provided below or as otherwise agreed by each member of the class of persons in this class.  Professional persons in Class 1 whose claims have been finally approved and allowed by the court pursuant to Code Section 330 or 503 shall be paid on the closing date the amount in cash that has been agreed to by the individual professional persons.  The following claims arising after the filing date and related to the ongoing business expenses of the Debtors shall be paid by the reorganized Debtor or any successor according to the stated payment terms of such liability:  **(a)** all allowed accounts payable, **(b)** all executory contracts, unexpired leases, purchase orders and sales orders, **(c)** all unpaid utility bills, **(d)** the liability for federal and state income taxes or other taxes, up to the maximum amount payable under Class 1 arising in the ordinary course of business, **(e)** fees and expenses of the Debtor's counsel and **(f)** other professionals for services to be rendered after the closing date in prosecuting any causes of action, prosecuting objections to claims, settling claims or advising the reorganized Debtor with respect to claims, any other services provided to the purchaser in connection with the implementation for this Plan all subject to court approval, after notice and a hearing.   In order to induce class 5 to accept this plan, the administrative professional claims have voluntarily subordinated their claim to payment of the class 5 claims.

**7.2    Class 2 – Wesbanco Bank, Inc.**  The Class 2 claim of Wesbanco Bank, Inc., the first mortgage on property located at 850 Ohio River Blvd., Avalon, Pennsylvania, 15202 will be paid in full at closing. Since the beginning of the Chapter 11, the Debtor has paid $1,998.92 to Wesbanco Bank, Inc. towards the mortgage. The current balance on the

15

mortgage is estimated to be **$28,000.00**.

The Debtor will sell the property located at 850 Ohio River Blvd., Pittsburgh, PA 15202, the property which secured Wesbanco Bank, Inc.'s mortgage. The sale will be free and clear of all liens and encumbrances. The Debtor will continue making the monthly payments until the sale is closed.  The Wesbanco mortgage was avoided as part of the sale order and their lien was transferred to the proceeds of sale.   When the property is sold, Wesbanco Bank, Inc.'s claim will be paid in full the remaining balance at closing. Once paid, Wesbanco Bank, Inc.'s mortgage shall be satisfied.

**7.3**     **Class 3 – Robert J. Longo, Sr. & John R. Longo, Jr.**  The Class 3 claim of The Longos, the holders of the second mortgage on 850 Ohio River Blvd., Pittsburgh, PA 15202, will be paid in full at closing. The Debtor has been paying the Longos adequate protection payments in the amount of $1,000.00 beginning in August 2017 through October 2017. Beginning on November 2017, pursuant to the Second Adequate Protection Order, the Debtor has paid the Longos $2,000.00 a month. These payments are to be credited to the principal and the interest of the mortgage and the remaining debt will be paid at closing.

The Debtor estimates that it has paid off approximately $13,082.94 in principal and $17,218.93 in interest based on the payments during the Chapter 11 bankruptcy. As of the time of filing this Plan, the restructured debt is approximately $178,000.00.

The Debtor will sell the property located at 850 Ohio River Blvd., Pittsburgh, PA 15202, the property which secured the Longo's mortgage. The sale will be free and clear of all liens and encumbrances. The Debtor will continue making the above monthly payments to the Longos until the property is sold.

When, the property is sold, the undisputed portion of the Longo's claim will be paid

16

at closing; any disputed amount will be escrowed.    The debtor may seek court determination of the proper amounts owed.    Upon the determination of the final amounts owed; the debtor will pay the remaining balance to the Longos. The Longo's mortgage was avoided as part of the sale order and their lien was transferred to the proceeds of sale; but the Longos mortgage will be satisfied upon payment of the undisputed portion at closing.

The Longos will forebear from enforcing any liability or guaranty of this debt against Jo Ann Teti or the Rusty Dory Pub, Inc. for as long as the Debtor remains current with the obligations under this plan.

**DEFAULT.**  Upon the occurrence of any Event of Default arising from a failure to comply with the Plan requirements set forth herein, which is not cured within ten (10) business days after the Longos shall have provided written notice to the Debtor and its counsel via email of such Event of Default or the failure to cure any other Event of Default within ten (10) business days after the Longos shall have provided written notice to the Debtor and its counsel via email of such Event of Default, the Longos shall be permitted to exercise their remedies under the Loan Documents, the mortgage and the Judgments.

**7.4**    **Class 4 – Secured Real Estate Taxes.**    Pursuant to Code Section 1129(a)(9)(c), the Class 4 claims shall be paid in full; to the extent they are allowed secured claims, they shall be paid 100% of its principal and interest claims;

The Debtor will sell the property located at 850 Ohio River Blvd., Pittsburgh, PA 15202. When, the property is sold, any unpaid balance to this class will be paid in full at the time of closing with the proceeds of sale. Once paid in full, the liens shall be satisfied.

**7.5**    **Class 5 - Unsecured Claims**. The Class 5 claims will be impaired but will be paid in full.    This class shall not be entitled to interest on their claims. The Class 5

17

Claims will be paid a dividend of 100% after crediting the payments to the Creditors of this class from other entities.

The Debtor will sell the property located at 850 Ohio River Blvd., Pittsburgh, PA 15202.  When, the property is sold, any unpaid balance to this class will be paid with the proceeds of the sale, after the claims secured and priority claims have been paid in full.

**7.6**        **Class 6 – Equity Holders**. The Class 6 equity interests in the Debtor will be retained. The reorganized Debtor shall not issue any dividends nor increase any emolument or benefit or make any loans to the shareholder until Class 1 through 5 have been paid in full. Upon the entry of the Final Decree, the excess funds will be paid to the Shareholder, Joanne Teti.

## ARTICLE 8 - RETENTION OF JURISDICTION

**8.1** The Bankruptcy Court shall, after the confirmation date and until final consummation, be entitled to exercise exclusive jurisdiction over the following matters:

(a) To consider any modification of this Plan pursuant to Section 1127 of the Code;

(b) To determine the allowance of all claims against the Debtor pursuant to Section 502 of the Code;

(c) To hear and determine any objections filed within thirty (30) days after confirmation date to the allowance of any claim;

(d) To hear and determine any adversary proceeding or contested matter, controversy, suit or dispute over which the Bankruptcy Court has jurisdiction under 28 U.S.C. Sections 157 and 1334;

(e) To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(f) To issue such orders as may be necessary for the administration and/or consummation of this Plan, including complaints to determine secured claims;

18

(g) To set and determine all professional fees and other costs of administration in this Chapter 11 case;

(h) For such other purposes as may be set forth in the Confirmation Order; and

(i) To enter such Orders as are necessary and appropriate under the Code.

## <u>ARTICLE 9 - GENERAL PROVISIONS</u>

**9.1** <u>Amendments:</u> This Plan may be amended by the Plan Proponent at any time prior to the confirmation date and thereafter as provided in Section 1127 of the Code.

**9.2** <u>Headings:</u> The headings included in this Plan are for the sake of convenience and reference only and shall not constitute part of this Plan for any other purpose.

**9.3** <u>Interest:</u> Except as specifically set forth in the Plan or in any Final Order of the Court entered during this Chapter 11 case, interest shall be deemed not to have accrued with respect to any claim since the filing date and no payment of interest will be made pursuant to the Plan. Interest shall continue to accrue for classes 2, 3 and 4 until paid in full.

**9.4** This Plan contemplates that the case will be closed and a final decree entered as soon as all of the following have occurred:

(a) All fee applications have been filed and approved.   No fee application shall be allowed unless they have been filed prior to forty-five (45) days after the Order of Confirmation is entered;

(b) All objections to claims and adversary actions are filed and resolved;

(c) The Debtor has made the first payment to the administrative claimants; and

(d) The Debtor has complied with the Post-Confirmation Order.

19

**9.5**    The rights of Class 5 to payments under this Plan by the Plan Proponent will

be an unsecured obligation of the reorganized Debtors.

## <u>ARTICLE 10 - AMENDMENT</u>

The Proponent of the Plan reserves the right to amend this Plan prior to

confirmation.  If there is a substantial event that alters the feasibility of this Plan or if the

Plan fails to meet the requirements of 11 U.S.C. Section 1122 or if this Plan does not meet

the requirements of 11 U.S.C. Section 1129, after a ballot of creditors.

**Respectfully submitted,**


**Dated:**  July 31, 2019              **BY:**      /s/ Donald R. Calaiaro
                                        **Donald R. Calaiaro, Esquire, PA I.D. #27538**
                                        **dcalaiaro@c-vlaw.com**
                                        **BY:**      /s/ David Z. Valencik
                                        **David Z. Valencik, Esquire, PA I.D. #308361**
                                        **dvalencik@c-vlaw.com**
                                        **CALAIARO VALENCIK**
                                        **938 Penn Avenue, Suite 501**
                                        **Pittsburgh, PA  15222-3708**
                                        **(412) 232-0930**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                      ) **Bankruptcy No.** 17-21509-CMB
JTRL, LLC,                                                ) **Chapter** 11
                           **Debtor.**                ) **Document No.**


### CERTIFICATE OF SERVICE OF Amended Chapter 11 Plan of Reorganization Dated July 31, 2019

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on July 31, 2019.

**Service by E-mail**:
JTRL, LLC; rustydorypub@yahoo.com
**Service by NEF**:
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov
Norma Hildenbrand, on Behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee; Norma.L.Hildenbrand@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**EXECUTED ON:** July 31, 2019          /s/ Donald R. Calaiaro
                                                         **Donald R. Calaiaro, Esquire, PA I.D. #27538**
                                                         **dcalaiaro@c-vlaw.com**
                                                         /s/ David Z. Valencik
                                                         **David Z. Valencik, Esquire, PA I.D. #308361**
                                                         **dvalencik@c-vlaw.com**
                                                         **CALAIARO VALENCIK**
                                                         **938 Penn Avenue, Suite 501**
                                                         **Pittsburgh, PA  15222-3708**
                                                         **(412) 232-0930**